PEOPLE *ex rel.* WEBSTER *v.* VAN TASSELL, Sheriff.

*(Supreme Court, General Term, Third Department.   July 2, 1892.)*

CONTEMPT—PRODUCTION OF BOOKS AND PAPERS—POWER OF CITY COUNCIL.

    Laws 1872, c. 150, § 32, (charter of the city of Kingston,) having provided for the commitment of a witness only where he refuses to attend before the common council, or to be sworn or affirmed, or to answer after being sworn, no authority exists for the commitment of a witness who refuses to produce books and accounts before the council. 17 N. Y. Supp. 938, affirmed.

Appeal from Ulster county court.

Application by the people of the state of New York, on the relation of Grove Webster, for a writ of *habeas corpus* against William Van Tassell, sheriff of Ulster county. From a judgment for relator, defendant appeals. Affirmed.

For former report, see 17 N. Y. Supp. 938.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*C. D. B. Hasbrouck,* for appellant.   *D. M. De Witt,* for respondent.

PUTNAM, J. The opinion of the court below contains a full statement of the facts of the case, and a learned and able discussion of the questions involved. In addition to what he has said, I will only make a few suggestions regarding one phase of the case: The proceedings which resulted in the or-

der of the recorder, adjudging the relator guilty of contempt in declining to produce books and papers, were brought under section 32 of the charter of the city of Kingston, (chapter 150 of the Laws of 1872.) And the question submitted is, does this section of said chapter authorize the commitment of relator for contempt in declining to produce books and papers? It provides for two cases where a commitment may be made: *First*. Where one summoned shall refuse to attend. Relator did attend, and hence should not be imprisoned under that clause of the section. *Second*. Section 32 provides that one summoned, who refuses to be sworn, affirmed, or to answer any proper and pertinent question, may be committed. The relator did not refuse to be sworn, or to answer any proper or pertinent question. The above-quoted clauses are the only ones relating to commitment for contempt. The power to punish for contempt is derived from the statute, and cannot be extended beyond the limit imposed by the law. "No implication and no fancied necessity can be permitted to add to the literal meaning of the words by which the legislature have restricted this power, and this is especially true of all tribunals which are not courts of general jurisdiction." *Rutherford* v. *Holmes*, 5 Hun, 317, 66 N. Y. 368. There seems to be an omission in the act under consideration to provide for a case where a witness declines to produce papers, and unless we attempt to disregard the doctrine laid down in the case of *Rutherford* v. *Holmes, supra*, that the power to commit for contempt cannot be extended in the least degree beyond the terms of the statute, we are compelled to adopt the view of the court below. The statute under which the recorder acted, being silent as to any power on his part to commit for nonproduction of papers or books, in this regard is different from the Civil and Criminal Codes and Revised Statutes. Under section 856 of the Code of Civil Procedure, power is conferred upon the court to commit a witness "when he fails to produce a book or paper which he was directed to by the terms of the subpœna." The Criminal Code (section 613,) provides for a *subpœna duces tecum*, and (section 619) that for disobedience to a subpœna the witness may be punished in the manner provided by the Civil Code. Under 2 Rev. St. pp. 534, 535, §§ 1, 2, it was provided that the court could punish as for a contempt a person summoned as a witness, for refusing to obey such subpœna. Section 32 of the charter of Kingston does not contain any general authority on the part of the recorder to commit for a refusal to obey the summons, but limits the right of commitment to certain acts of disobedience, viz., the refusal to attend, and the refusal to be sworn or answer proper or pertinent questions. I therefore conclude that there is an omission in the statute to confer power upon the recorder to commit for failure to produce papers and books,—a defect that cannot be remedied by courts,—and that hence the conclusion reached by the county judge was correct. This view of the case renders it unnecessary to consider the other questions raised as to the order made by the recorder. The order of the court below should be affirmed, with costs.

MAYHAM, P. J., concurs. HERRICK, J., concurs in the result.