## PEOPLE v. DU BOIS.

(Court of Sessions, Ulster County.   January Term, 1894.)

1. DISORDERLY CONDUCT—REFUSAL TO SUPPORT WIFE.
   A prosecution for disorderly conduct in refusing to support wife is not barred by an offer of defendant to try to support his wife.

2. CRIMINAL LAW—PROCEDURE—SIGNATURE OF ACTING RECORDER.
   Kingston City Charter (Laws 1872, c. 150) provides that a justice of the peace may be designated by the city council to act as recorder during a vacancy, and (section 46) that a justice thus designated in signing process shall add to his official title the words "Acting as Recorder." *Held,* that where a justice so designated signs the process merely as "Acting Recorder," omitting his official title of "Justice of the Peace," such omission does not invalidate a conviction.

Appeal from city court of Kingston.

Benjamin D. Du Bois was convicted by the acting recorder of being a disorderly person, in abandoning and refusing to support his wife, and was required to give bond in the sum of $500 to indemnify the city from becoming liable for her support, and he appeals.   Affirmed.

G. D. B. Hasbrouck, for appellant.

F. Arthur Westbrook, Dist. Atty., for the People.

CLEARWATER, J.   In consequence of the death of the recorder of the city of Kingston, the common council, in accordance with the provisions of the city charter, (chapter 150 of the Laws of 1872,) designated John N. Clare, one of the justices of the peace of the city, to act as recorder until the vacancy was permanently filled.   It is provided by the charter (section 46) that a justice of the peace thus designated, in signing a process, shall add to his official title the words "Acting as Recorder." In issuing the warrant upon which the defendant was arrested, the acting recorder signed his name, "John N. Clare, Acting as Recorder of the City of Kingston," omitting his official title, "Justice of the Peace."   On the hearing before him, it was proven that the defendant had not lived with his wife, or contributed to her support, within three years.   On his examination in chief, he said that he would now try to support her.   It is claimed in his behalf (1) that his conviction is void, because of the omission of the words "Justice of the Peace" from the signa-

ture of the acting recorder to the warrant; (2) that his offer to try to support his wife is a bar to his conviction for refusing to do it.

We can see no reason, on the merits, for disturbing the conviction. It is the duty of a husband to support his wife. Merely saying he will do so when under arrest for failing to do it may be and often is the merest artifice, which a magistrate is entirely justified in disregarding. If he means in good faith now to support her, the conviction will submit him to but little inconvenience, and the city is entitled to indemnity against her becoming a public charge.

Nor do we think there is force in the objection that the acting recorder failed to designate his position as that of "Justice of the Peace, Acting as Recorder." He was acting recorder de facto and de jure, and as such had jurisdiction of the person of the defendant and the subject-matter involved. The case of People v. Van Tassel, (Co. Ct.) 17 N. Y. Supp. 938, afterwards affirmed by the general term (19 N. Y. Supp. 643) and the court of appeals, (32 N. E. 646,) cited by the learned counsel for the defendant, is not in point. That case involved the usurpation of judicial powers by a body destitute alike of jurisdiction and the power to punish. Here the proceeding was judicial, the jurisdiction complete, the tribunal properly organized, but the presiding magistrate is imperfectly described. The error was insignificant, not of substance, but of form, and the defendant's rights were in no way prejudiced. The judgment and conviction should be affirmed.