PEOPLE ex rel. TOWN OF OYSTER BAY v. WOODRUFF et al., Com'rs
                        of Land Office.

(Supreme Court, Appellate Division, Third Department.   September 4, 1901.)

CERTIORARI—FINALITY OF DETERMINATION.

Under Code Civ. Proc. § 2122, providing that certiorari cannot be is-
sued to review a determination which does not finally determine the
rights of the parties with respect to the matter to be reviewed, and sec-
tion 2127, directing that an application for the writ must be by the
person aggrieved, certiorari cannot issue on application of a town to re-
view proceedings of the land-office commissioners relating to the grant
of lands under water to an adjacent upland owner, since such commis-
sioners have no power to determine the state's title to the land under
water when a claim of adverse ownership is made thereto, and hence
applicant was not aggrieved by any determination of the land board.

Certiorari by the people of the state of New York, on relation
of the town of Oyster Bay, against Timothy S. Woodruff and oth-
ers, as commissioners of the land office.   Dismissed.

Certiorari issued out of the supreme court on the 1st day of September,
1900, directed to Timothy L. Woodruff and others, as commissioners of the
land office of the state of New York, commanding them to certify and return
to the office of the clerk of Albany county, all and singular, their proceedings
relating to the granting of the application of George E. Brightson for 4.476
acres of land under the waters of Cold Spring Inner Harbor, in the town of
Oyster Bay, in front of and adjacent to uplands of said Brightson, in the
town of Oyster Bay, in the county of Nassau.

Argued before PARKER, P. J., and KELLOGG, EDWARDS,
SMITH, and CHASE, JJ.

Isaac P. Coale, for relator.
Henry B. Coman, Dep. Atty. Gen., for respondents.

KELLOGG, J.   The question of the title of the state to the land
under water for which a grant was here applied for cannot be tried
in the first instance in this appellate court, nor can it be tried by
the land board, for that board of state officials is not a court having
jurisdiction to try and determine such questions.   The state has
never submitted its land titles to the final determination of such
a tribunal.   Nor has the legislature constitutional power to create
a court of this character, and force other contestants of the title
to submit here their rights for adjudication.   The commissioners
of the land office are simply agents of the state.   They have power
to grant to the owners of the uplands such rights as the state may
possess in the lands under water bordering on such uplands, and
that is all.   As incidental to the exercise of that power, the land
board must determine, as between opposing claimants to the up-
lands, who is the actual owner, in order to keep within their power
to grant such title as the state may have to the water front only
to the actual owner of the upland.   Nor do I think the conclusion
of the land board in this respect res adjudicata as to the title to the

upland between such opposing claimants. Such title can be settled only in a constitutional court, but, for the purposes of the grant of the water front, it is incumbent on the land board to investigate and satisfy itself as to the ownership of the abutting upland, in order to enable the board to act with reasonable certainty in compliance with the statutory injunction to grant the water front only to such owner; but, should it subsequently be determined by a proper court that the title to the upland was not in the grantee of the water front, without doubt such grant would be void because of the statutory prohibition. While this implied power to investigate and discover the real owner of the upland is obviously in the commissioners of the land office, to enable them to reasonably comply with the statute in making a grant of the title of the state to the water front, the implication by no means follows of any power in the commissioners of the land office to determine the title of the state to the water front or the land under water when a claim of adverse ownership is made thereto. Such a determination is wholly unnecessary to the exercise of the functions with which the legislature has endowed them, viz. to grant such title as the state may possess in the water front to the upland owner. Such a grant determines no title as to the land under water. While the adverse claimant to such lands may not, as plaintiff, litigate with the state, because the state has not in this matter created any tribunal in which to litigate, still the claimant may, as plaintiff, bring an action against the grantee, and litigate the title in any constitutional court into which individuals have a right to go. It seems to me very plain that the decision of the land office to grant such title as the state may possess to the land under water to the grantee, Brightson, in the case here considered, determined nothing touching such title. They had no power to determine the title. No such power is given them by statute, and none is implied or necessary to the discharge of their functions. They have no right to assume such a power, or subject the title of the state to their decision; nor could the plaintiff here be in any manner affected by their decision. The purpose of giving plaintiff and all others notice of the Brightson application was solely to enable the commissioners to determine title to the upland, and to determine also how commerce or the rights of others might be affected, and the facts so elicited bear only upon the discretion of the land board in granting or withholding the patent. This being so, the plaintiff has no grievance which this writ is intended to redress. The Code of Civil Procedure (section 2122) provides that a writ of certiorari cannot be issued "to review a determination which does not finally determine the rights of the parties with respect to the matter to be reviewed." Section 2127 provides, "An application for the writ must be made by or on behalf of a person aggrieved by the determination to be reviewed." What rights have been finally determined here by this inferior tribunal? Who is aggrieved by the determination? Who are the parties? If there has been any de-

termination of rights to the land under water, obviously the state is an interested party. Who represents the state, and under what name does the state here appear? It cannot be said that the commissioners of the land office represent the state, for they constitute the tribunal which it is claimed has determined these rights. It is plain that the state did not and could not appear before that tribunal, nor does it appear in this court. How, then, can it be said that the rights of the state to this land under water have been finally determined? If the rights of the state were not then finally determined, neither were the rights of the plaintiff, and the plaintiff is not a party aggrieved by any determination of the land board. This question of title to the lands under water must be relegated to the courts organized and empowered to hear, and with the aid of a jury to determine, such questions, upon common-law proof, in the usual way. The grant to Brightson simplifies the situation, and makes it possible for the plaintiff to reach a determination concerning the title which will be a final and binding determination.

The writ should be dismissed, with $50 costs and disbursements. All concur.