THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK C. MOENIG and Others, Appellants, *v.* THE COMMISSIONERS OF THE LAND OFFICE OF THE STATE OF NEW YORK and Others, Respondents.

Third Department, January 8, 1919.

Certiorari — review of determination of Commissioners of Land Office — misjoinder of parties — technical objections disregarded — constitutional law — when party not aggrieved — appeal — scope of review.

A determination of the Commissioners of the Land Office conveying under chapter 22 of the Laws of 1916 the interest of the State in lands under navigable waters to a village as a public park, with permission to the

village to sell a certain parcel of the land to another in which owners of the upland claim that the conveyance can only be made to them, is subject to review by certiorari upon petition by said owners.

The Commissioners having heard and decided the claims of said owners in one proceeding and having treated all parties as having a common interest, are in no position to object to a review of their determination under one petition for a writ of certiorari joined in by all the interested parties.

The relators having all joined in the proceeding for a writ of certiorari, which was dismissed solely upon legal grounds, the Special Term not passing upon the question as to whether they were jointly interested in all the uplands or not, the technical objection that the petition was only verified by one of the relators whose interest was several, should be disregarded.

If the relators did not own the upland as to the property ordered to be conveyed to the village, they are not aggrieved thereby and hence cannot question the constitutionality of the statute.

Since the order quashing and dismissing the writ of certiorari is sought to be sustained upon technical rules of practice, without going into the merits of the controversy, the Appellate Division is not in a position to pass upon the constitutionality of the statute or the question as to who are the owners of the uplands.

APPEAL by the relators, Frank C. Moenig and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 10th day of May, 1918, quashing and dismissing the writ of certiorari herein as a matter of law and not in the exercise of discretion.

*Joseph B. Thompson,* for the appellants.

*Merton E. Lewis,* Attorney-General [*Wilber W. Chambers* and *Edward H. Leggett,* Deputy Attorneys-General, of counsel], for the Commissioners, respondents.

*Albert Ritchie,* for the respondent Bull.

JOHN M. KELLOGG, P. J.:

The writ sought a review of the determination of the Commissioners of the Land Office granting certain lands under navigable waters to the respondent Bull and other lands to the respondent village. The application to dismiss the writ was brought by the Commissioners before the court,

People ex rel. Moenig v. Comrs. of Land Office. 141

App. Div.] Third Department, January, 1919.

upon an order to show cause which recited that sufficient cause appeared therefor in the affidavit. The moving affidavit contains a history of the case, as the Commissioners understand it, but does not definitely point to any ground as the basis for the motion. The order appealed from is sought to be sustained upon technical rules of practice, without going into the merits of the controversy. A determination on the merits must consider the constitutionality of chapter 22 of the Laws of 1916, which authorized the Commissioners of the Land Office to convey the interest of the State in the lands under water to the village as a public park, with the permission to the village to sell a certain parcel of the land to another. The merits also involve the question as to who are the owners of the upland. These questions have not been adequately treated in the briefs, and as counsel have not given them particular consideration, the court will not, but will pass upon the principal grounds upon which the order is sought to be sustained.

It is urged particularly that the decision of this court in *People ex rel. Oyster Bay* v. *Woodruff* (64 App. Div. 239) establishes that the determination cannot be reviewed by certiorari. That case states the law applicable to the facts then appearing. We have examined the original record on appeal in the case, and find that no contest was raised before the Commissioners as to the ownership of the upland and as to whom, under the law, a conveyance could be made by the Commissioners. The relator there contended only that the town and not the State owned the land, with the result that it was properly determined that the title of the State could not be tried in that proceeding; that the Commissioners could only convey just the interest which the State had, and if it had no interest, their conveyance did not prejudice the relator. Nothing before the Commissioners called for judicial action. But here the controversy is between rival claimants for the conveyance, the relators claiming to be the owners of the upland and that a conveyance can only be made to them. That was a question for judicial determination by the Commissioners, and their decision is a proper subject for review by certiorari. (*People ex rel. Burnham* v. *Jones*, 112 N. Y. 597; *People ex rel. Tracy* v. *Woodruff*, 54 App. Div. 1.)

It is urged that each relator is interested in a different parcel of upland and that there is, therefore, a misjoinder of parties. The relators appeared and remonstrated. It appeared at the outset that the grants sought by Bull and the village were to carry out an agreement made between them, by which the village was to transfer to him some of the land which it sought to acquire, and he was to grant to the village certain concessions upon land owned and to be acquired by him. The statute evidently was made with a view of carrying out this agreement, which would result in a village park and village dock. The relators' answering affidavit indicates that it was understood by the counsel and the Commissioners that all the relators were joining in the remonstrances. The action of the Commissioners is convincing evidence that such was the understanding, and that all of the parties were treated as having a common interest in the trial and the order resulting therefrom. The fact that both conveyances were sought to effectuate the scheme for the dock and park, and, in a way, were for the common interest of the village and Bull, in the estimation of the Commissioners and counsel, seemed to unite the two proceedings and the interests of the parties. It was probably understood that to effectuate the scheme and make either grant available, it was necessary to have both grants. The conveyance to the village, while authorized, has not yet been made. It may be awaiting the determination as to the validity of the Bull grant. The affidavits show that it was discussed before the Commissioners that the facts in relation to the village and Bull were so inter-related that separate records could not be made. Relators' counsel opposed the mingling of the two applications, in response to which the Attorney-General said: " We can't assure you of that; we can perhaps in a measure, but it may come to a certain point where the interests of the three will be so intermingled that it will be impossible to do it." The petition for the certiorari, and the proceeding before the Commissioners, as we understand them from the evidence, and the decision of the Commissioners, make it plain that the Commissioners mingled all the matters, and heard and decided them as one. The manner of the trial and the form of the order invited the relators' practice for a review. It is a very technical objection

for the Commissioners now to urge that the proceedings cannot be reviewed as one, but that a separate certiorari must be had by each relator.   In other words, after the Commissioners have consolidated the proceedings for the purposes of trial and decision, they now contend that the relators must sever them for the purpose of review.

The proceedings before the Commissioners are instructive on this point.   At first the Commissioners ordered a conveyance to the village, but determined that Mrs. Cushman was the owner of the upland of a part of the premises for which Bull asked a conveyance, and denied a conveyance to him of the premises in front of her lands.   Bull thereafter asked that the order be reconsidered in regard to Mrs. Cushman, with the result that the Commissioners " *Resolved,* in view of the probability that the rights of William R. Bull, Georgiana L. Cushman, Townsend V. Roe, Jr., and others, will be presented to the Supreme Court for adjudication, and in order that all rival interests may be in a proper position to have their respective rights passed upon by the court, that a grant be made to William R. Bull of all the lands under water applied for by him."   This changed the order as to the land in front of Mrs. Cushman in order to facilitate a final determination by the Supreme Court of the rights of the respective parties. And in order to prevent such determination by the court, the Commissioners have moved, on technical grounds, to quash the writ of certiorari and thus make its order conclusive upon the parties.

No confusion can arise, and no prejudice can exist, from a review of the order under one petition, joined in by all the interested parties.   Apparently all the petitioners are interested in the question of the constitutionality of the law permitting the conveyance to the village.   Mrs. Cushman is particularly interested in the conveyance of the small strip of land in front of her upland.   The determination of her rights cannot prejudice the other relators or the respondents, and the determination as to the constitutionality of the law and as to who are the upland proprietors as to the other premises, can be had without prejudice to any one, from the fact that the Cushman matter is also under review.   Certainly the Commissioners cannot complain if the relators have taken them

seriously and are seeking to review the order which they have made and which treats the proceedings as merged into one.

The determination was made July 25, 1917; the writ of certiorari was issued October 3, 1917. The time for making a return to the writ was extended from time to time, and the return has not been filed. The order to show cause was made February 6, 1918, after the time had expired to obtain a new writ. The order to show cause refers to the affidavit as stating the grounds of the application. The affidavit does not allege or show that the petition for the writ was not properly verified. That point is now urged confidently as a ground for sustaining the order under review. The petition for the writ was made by Joseph B. Thompson, as attorney for the relators, and each of the relators is named as a petitioner. The petition, however, is verified by Elmore T. Willsea, one of the relators. It is now urged that Willsea's interest was a several interest and that his verification only relates to himself, and that the other relators have not filed any petition because it is not verified as required by section 2127 of the Code of Civil Procedure. That question was not foreshadowed in the moving affidavit or order to show cause. It does not appear that it was raised before the Special Term. Liberally construed, the petition for the writ indicates that all of the petitioners are owners of the upland, and as the order dismissing the writ rests solely upon legal grounds, we must conclude that the Special Term did not pass upon the question as to whether they were jointly interested in all the uplands or not. Apparently the relators all joined in the remonstrances without objection, and the question of their right to so appear should be treated as waived. If the question had been timely raised a proper amendment could have been made. The error, if one exists, has been caused by the manner in which the Commissioners conducted the hearings and made their determination merging the proceedings into one. The merits of the case should be met, and technical objections at this late date should be disregarded. (See *People ex rel. Gleason* v. *Purdy,* 223 N. Y. 88.)

If the relators do not own the upland as to the property ordered to be conveyed to the village, it is immaterial whether the act authorizing the conveyance is valid or not, as it can

only be questioned by a party aggrieved by it.   If the relators own the upland of the premises to be conveyed to the village, and the act is unconstitutional, the determination of the Commissioners may be wrong.   If Mrs. Cushman owns some of the uplands of premises not covered by the act, it may be difficult to see how the order of the Commissioners can be sustained as to all the lands ordered to be conveyed to Bull. These are important questions which should be determined in the ordinary way, upon the record made by the Commissioners, after argument by counsel.   From the manner in which the case has been presented to us we are not in a position to pass upon those questions.   Neither should they be passed upon on this appeal.   The order should, therefore, be reversed, the motion denied.

All concurred.

Order reversed and motion denied, without costs.