In the Matter of the Application of Henry J. Haase for a Certiorari Order against the Common Council of the City of Elmira and Others.

Third Department, June 19, 1923.

Municipal corporations — certiorari to review action of common council of city of Elmira in removing petitioner as water commissioner — petitioner was elected by popular vote — neglect to perform duties for three months created vacancy under Laws of 1913, chapter 660, where absence from board meeting was not excused by vote of board — petitioner was not entitled to opportunity to ask board to excuse neglect after failure to attend for three months — petitioner not entitled to trial — common council had no power to remove petitioner — certiorari cannot be maintained.

The petitioner, a water commissioner of the city of Elmira, was elected to office by popular vote as provided by chapter 660 of the Laws of 1913, which created the "Elmira Water Board" as a body corporate. The statute provides that in case a commissioner shall refuse or neglect for three months to perform the duties of his office without being excused by vote of the board, his office shall become vacant. The petitioner failed to attend the meetings of the board for three months and his failure was not excused by a vote of the board. The water board certified to the mayor the facts relating to petitioner's neglect to perform his duties and the common council by resolution removed the petitioner from office.

Held, that the office of the petitioner became vacant automatically and without action on the part of any one after he had neglected or refused to perform the duties of his office for three months, since such neglect or refusal had not been excused by a vote of the water board.

The petitioner is not entitled to an opportunity to ask the board for a vote excusing his neglect of duty, after having neglected for three months to perform his duties, nor is he entitled to a hearing and trial.

The common council of the city of Elmira is without any authority to remove a commissioner of the water board and its action in removing the petitioner was unauthorized and useless; the only duty of the common council after the office became vacant was to fill it by appointing another commissioner to serve until the next annual election.

Accordingly, the certiorari order to review the action of the common council cannot be maintained under sections 1286 and 1290 of the Civil Practice Act.

Hasbrouck, J., dissents, with opinion.

Certiorari order granted out of the Supreme Court at the Schuyler Special Term on the 5th day of March, 1923, and entered in the office of the clerk of the county of Chemung, directed to the

common council of the city of Elmira, N. Y., George W. Jarchow, as clerk of said city, and James N. Wood, as mayor of said city, commanding them to certify and return to the office of the clerk of the county of Chemung all and singular their proceedings had in relation to the removal of the petitioner from the office of water commissioner of said city, and directing them to show cause why he should not be reinstated.

*Thomas M. Losie,* for the petitioner.

*H. L. Gardner, Corporation Counsel [Boyd McDowell* and *Harry Moseson* of counsel], for the respondents.

VAN KIRK, J.:

The members of the Elmira water board, called water commissioners, are elected by popular vote for terms of five years each. (Laws of 1913, chap. 660, as amd. by Laws of 1915, chap. 660.)\* The petitioner was elected a water commissioner in June, 1920; he qualified and acted as such. He attended a meeting of the board held July 17, 1922, but did not attend another meeting until November 27, 1922. In the meantime meetings had been held on August twenty-first, September seventh, September eighteenth, October twentieth and November sixth. Section 2 of this act provides: " The office of a water commissioner shall become vacant by his death, neglect or failure to qualify within fifteen days after notice of his election or appointment, resignation, removal from said city, or his refusal or neglect for three months to perform the duties of his office without being excused by vote of the board, or by his becoming of unsound mind." The duties of petitioner's office are set forth in this act. Section 1 provides: " The commissioners so appointed and their successors in office are hereby created a body corporate by the name of the ' Elmira water board,' and in that name may prosecute and defend actions and proceedings in any court." Section 3 provides: " Said board shall hold meetings in an office to be provided by the common council of said city." No duties are to be performed by a water commissioner, except as one of the board. When the petitioner did not attend the meetings between July seventeenth and November twenty-seventh, having attended no meeting in August, September or October, he refused or neglected for three months to perform the duties of his office. He was not excused by vote of the water board. The return shows the above facts and the return is conclusive in this respect. (*People ex rel. Fahy* v. *York,* 49 App. Div. 173; affd., 163 N. Y. 551, on the opinion below.) The statute here is peremp-

---

\* See Laws of 1922, chap. 466 (adding § 2-a to statute).— [REP.

tory in its form.   Having neglected to perform his duties for three months without being excused by vote of this board, his office is vacant.   He is not entitled to a trial or notice of a hearing, nor is any person or body authorized to declare or fix the vacancy. But the petitioner insists that he must be given opportunity after three months' neglect of duty to ask the board for a vote excusing his neglect of duty.   In our opinion this was not the intent of the act.   If it were, the delinquent, by delaying to ask for the vote, could remain indefinitely in office and yet continue to neglect the performance of his duty.   The statute does not provide that the office shall be vacant if the board refuses by vote to excuse the delinquent, but if he neglects his duty " without being excused by vote."   In *People ex rel. Fahy* v. *York (supra)* the statute* provided that " Absence, without leave, of any member of the police force, for five consecutive days, shall be deemed and held to be a resignation, and the member so absent shall, at the expiration of said period, cease to be a member of the police force, and be dismissed therefrom without notice."   (The last words, " be dismissed therefrom without notice " or words of similar import, are not included in the statute we are discussing.)   The court there held that the relator, a member of the police force, who had been absent for five consecutive days, was not entitled to a trial or hearing; that the duty was put upon the commissioners absolutely by the statute, without any trial or notice, to dismiss the delinquent from the force; and said: " The manner in which the commissioners become possessed of that fact [knowledge of his absence from duty without leave] is of no particular importance in any case.   The question is the existence of that fact."   In our opinion the office occupied by relator is vacant.

The common council, however, assumed to act and the only complaint here made is of that action.   On November 27, 1922, there was received by the mayor and filed in the city clerk's office a communication from the water board, which certified that the petitioner had neglected to perform the duties of his office for more than three months and that he had not been excused therefor by a vote of the board; the common council took action thereon and, on February 27, 1923, by resolution removed petitioner from his office.   The act of 1913 *(supra)* and the city charter were supposed to authorize this action of the common council.   Section 2 of the act *(supra)* provides:   " Any water commissioner may, at any time, be suspended or removed from office by the common council in the manner and for the causes provided in the charter of the

---

* See Consolidation Act (Laws of 1882, chap. 410), § 273, as amd. by Laws of 1884, chap. 180.— [REP.

city of Elmira for the suspension or removal of officers elected or appointed by the common council." And the charter (Laws of 1906, chap. 477), section 23, provides: " The common council shall * * * have power * * * to remove all officers and persons appointed or elected by them for any neglect of duty or misconduct." These provisions, however, do not apply to the present case. Here the vacancy is declared by the statute itself, which statute is entirely inconsistent with the idea that the water commissioner, who has refused or neglected to perform the duties of his office for three months without being excused by vote of the board, shall have a trial before the common council. This action by the common council was both unauthorized and futile. (*People ex rel. Fahy* v. *York, supra.*)

In section 2 of the Water Board Act (*supra*) it is provided: " In case of a vacancy in office the common council shall fill such vacancy by appointment, and the person appointed shall hold his office until the next annual election of water commissioners and until another shall be qualified to fill his place." After petitioner's office had become vacant, the only duty of the common council in respect to him and his office was to fill the vacancy. Whether or not, the vacancy being filled, the petitioner might seek redress by an action in the nature of quo warranto is not here for us to decide.

The certiorari order cannot be maintained. The Civil Practice Act (§ 1286) provides: " Limitation upon granting certiorari orders. Except as otherwise expressly prescribed by statute, a certiorari order cannot be granted in either of the following cases: 1. To review a determination which does not finally determine the rights of the parties with respect to the matter to be reviewed. 2. Where the determination can be adequately reviewed by an appeal to a court or to some other body or officer." There is no special statute covering this case. The subject-matter to be reviewed here is the right of the petitioner to occupy the office of water commissioner. In this proceeding, to review the action of the common council, that right cannot be determined. If the resolution of the common council be annulled, petitioner's office is still vacant. Nor could this court reinstate the petitioner, since the action of the common council here under review did not remove him from his office. If the petitioner is prejudiced in any respect by the fact that the resolutions of the common council are of public record, he may appeal to an equity court to have the resolutions expunged from the record.

Section 1290 of the Civil Practice Act provides that " An application for the order must be made by or in behalf of a person

2

**18** MATTER OF HAASE *v.* COMMON COUNCIL OF CITY OF ELMIRA.

Third Department, June, 1923. [Vol. 206

aggrieved by the determination to be reviewed." No rights of petitioner have been finally determined by the action of the common council and he is not aggrieved by the determination. (*People ex rel. Oyster Bay* v. *Woodruff*, 64 App. Div. 239, 242.)

The certiorari order should be dismissed, with fifty dollars costs and disbursements.

H. T. KELLOGG, Acting P. J., and HINMAN, J., concur; HASBROUCK, J., dissents, with an opinion.

HASBROUCK, J. (dissenting):

The difficulty I find in this case is that while the statute declares there shall be a vacancy in the office of a water commissioner who fails to perform his duties for three months, the statute names no authority to declare such vacancy. Perhaps it could be made by the common council appointing a successor. (*People ex rel. Ward* v. *Drake*, 43 App. Div. 325.)

Where the statute specifies the existence of an unchallengeable fact as evidence of vacancy the statute is quite self-executing. (*Cronin* v. *Stoddard*, 97 N. Y. 274.) Where the fact is doubtful or in dispute the statute does not execute. If it fails to provide for a means by which the dispute can be terminated the courts cannot supply it. There is an omission in the statute. (*People ex rel. Webster* v. *Van Tassel*, 64 Hun, 444.)

It is quite apparent that there are other duties to be performed as member of the water board of Elmira besides attending the board meetings. The record discloses that there was a purchasing committee, and a committee to take up the matter of a power contract. We do not, therefore, have to assume that the board had committees and that such committees had duties to perform and we may assume that, as member of the board, petitioner was a member of its committees.

If the petitioner performed any such duties during the three months there was no refusal and no neglect to perform the duties of his office.

From the foregoing it is apparent that the common council being authorized to fill the vacancy, when it did so declared a vacancy. If it might declare in that manner the vacancy (43 App. Div. *supra*), is not the petitioner's removal upon the ground of vacancy a determination of vacancy?

I agree with the reasoning of Mr. Justice VAN KIRK that the common council was not authorized to remove the petitioner and for such reason think the petitioner was aggrieved. He had appeared before the common council on charges. It had jurisdiction of him and of his accuser. If the common council had no

jurisdiction of the charge it had no authority to make the determination. While the determination stands the petitioner remains removed from his office. Nothing but its reversal can restore him to his official status.

The case of *People ex rel. Oyster Bay* v. *Woodruff* (64 App. Div. 239) is not in point. It was there held that the Commissioners of the Land Office could not adjudicate the title of land as against the State which was not a party to the proceeding. There was there no question for judicial determination. In the case at bar there was and being such it is properly subject to review. (*People ex rel. Moenig* v. *Commissioners of Land Office*, 186 App. Div. 141.)

I think the certiorari order should be sustained, and the determination of the common council annulled, with fifty dollars costs and disbursements.

Certiorari order dismissed, with fifty dollars costs and disbursements.