**240** People ex rel. Gratwick *v.* Comrs. of Land Office.

Third Department, July, 1922. [Vol. 202

Ulster should, therefore, be affirmed, with costs against the plaintiff. The judgment against the town of Lloyd should be reversed and the complaint dismissed, with costs against the plaintiff.

All concur.

Judgment dismissing complaint against the county of Ulster is affirmed, with costs against the plaintiff, and judgment against the town of Lloyd is reversed and complaint dismissed, with costs against the plaintiff.

---

The People of the State of New York ex rel. Frederick C. Gratwick and Mildred G. Crane, Relators, *v.* The Commissioners of the Land Office of the State of New York and Harry C. Walker and Others, Composing the Commissioners of the Land Office of the State of New York Aforesaid, Defendants, Impleaded with Empire Engineering Company, Inc., Respondent.

Third Department, July 6, 1922.

**Waters and watercourses — riparian owners — right of access extends only to water in front of land — certiorari to review proceedings of Commissioners of Land Office of State in granting certain lands under water in Niagara river to landowner adjoining relator — grant properly made to adjoining owner — whether grant should have been made was in discretion of Commissioners of Land Office and their action is not reviewable.**

The right of access in a riparian owner to waters of a navigable river is limited to access to the water in front of the premises only and does not extend to the frontage of adjoining uplands, and he has no individual or personal right or easement in the waters in front of the adjoining uplands, as to which waters he has the right of use as one of the public only, enjoying the rights of public navigation.

The Commissioners of the Land Office of the State of New York granted to a third person whose land adjoined that of the relator, lands under water in front of his premises on Niagara river as far as the harbor line, and on the hearing of that application the relator appeared and objected on the ground that the proposed construction to the harbor line on the adjoining land would cut off a dredged channel which was the only means by which the relator could reach the navigable waters, though there was evidence to show that the relator could reach the navigable waters without going through the dredged channel.

*Held,* that the grant made by the Commissioners of the Land Office was in harmony with the legal rights of the parties inasmuch as the said third person was the lawful owner of the uplands in front of which the grant was made, and the relator did not claim to have any title or easement in the waters in front of that property.

As there was no question requiring judicial determination by the Commissioners of the Land Office but the only question before them was whether or not in their discretion the grant should be made, their determination is not reviewable in the Appellate Division by certiorari.

CERTIORARI issued out of the Supreme Court and attested on the 2d day of November, 1920, directed to Harry C. Walker and others, as Commissioners of the Land Office of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in connection with an application by Frederick Barnheisel for a grant of certain lands under the Niagara river.

*Swift, Gratwick & Potter* [*Parton Swift* of counsel], for the relators.

*Moot, Sprague, Brownell & Marcy* [*S. Fay Carr* of counsel], for the respondent Empire Engineering Company, Inc.

VAN KIRK, J.:

There is no proof or claim that the dock which Barnheisel, or the Empire Engineering Company, which has taken over his property, purposes to construct to the harbor line in front of his uplands will interfere with general navigation of the river, or that by the construction either the right of the State or the Federal government is challenged; the State has made the grant and the Federal government has established the harbor line to which the grant runs. The contest here is between two adjoining riparian owners.

The title of lands under the Niagara river is in the State of New York as trustee for the public. By legislative act the State may, subject to the limitations in the Federal Constitution and the right of the Federal government thereunder in navigable waters, grant to an upland owner a title to lands under the water of a public, navigable stream for his beneficial use; and, under this grant, he may construct a wharf or pier to the outer limits of the grant. Such grant may be made of such lands only as are in front of his uplands. (Public Lands Law, § 75.) The lands so granted and the privilege incident thereto are valuable property rights which he holds subject to the rights of the Federal government or the State government to use and control when necessary for public navigation and the benefit of commerce. (*People* v. *International Bridge Co.*, 223 N. Y. 137; affd., *sub nom. International Bridge Co.* v. *New York*, 254 U. S. 126; *People* v. *Steeplechase Park Co.*, 218 N. Y. 459; *People* v. *New York & S. I. F. Co.*, 68 id. 71; *First Construction Co.* v. *State of New York*, 221 id. 295, 316.) A riparian owner on a navigable stream has a right of access to the navigable stream in front of his premises; and, without a grant from the State, he may construct a wharf in front of his premises to the navigable part of the stream. The exercise of this right is likewise subject always to the superior right of the State to improve the water front for the purpose of public navigation and to benefit commerce.

16

**242** People ex rel. Gratwick *v.* Comrs. of Land Office.

Third Department, July, 1922. [Vol. 202

(*Hinkley* v. *State of New York* 202 App. Div. 570, and cases cited.) This right of access in the riparian owner is, however, a right of access in front of his premises only and does not extend to the frontage of adjoining uplands; he has no individual or personal right or easement in the waters in front of adjoining uplands, as to which waters he has the right of use as one of the public only, enjoying the rights of public navigation. (*Jenks* v. *Miller*, 14 App. Div. 474, 480; *Knickerbocker Ice Co.* v. *Shultz*, 116 N. Y. 382; *People* v. *Mould*, 37 App. Div. 35.)

The Federal government has established the harbor line in front of the premises of the parties here, which harbor line is presumptively the line outside of which are the public, navigable waters of the stream and beyond which no piers or wharves may be constructed. (River and Harbor Appropriations Act of March 3, 1899 [30 U. S. Stat. at Large, 1151], chap. 425, § 11.)

By the Public Lands Law (Art. 6) the State has given to the Commissioners of the Land Office the power to grant to an upland owner who applies therefor lands under water in front of his premises. Upon petition of Barnheisel and after hearing the objections of the relators, the Commissioners of the Land Office have made a grant to Barnheisel of lands in front of his uplands to the harbor line. As we understand the position of the relators, it is in brief this: they are riparian owners whose lands adjoin the Barnheisel lands on the north; in front of and along relators' docks, which they have used for many years, is a channel about fifty feet wide, which channel passes likewise in front of the Barnheisel property within the harbor line to deep water of the stream; on the river side of this channel there is a ledge of rocks over which the water is too shallow to permit the passage of the craft which must be used in profitably conducting their lumber business; this channel is a part of the public, navigable waters, and the purposed construction in front of the Barnheisel property would cut off their access to the deep waters of the stream, and thus their right to use the public, navigable waters of the Niagara river are cut off and destroyed. The navigable waters, except the fifty-foot channel, are outside the harbor line. The relators claim that they can approach their docks at the southerly end of their property only and cannot approach over or around the alleged rock reef at the northerly end of, or in front of, their property. The evidence shows that the relators are the only parties using this fifty-foot channel adjacent to their docks; that there are no other business interests along the river to the north of relators' property. It was found, and there was evidence to support the finding, that there was in fact no rock reef in front of the relators' premises; that the

fifty-foot channel is a dredged channel; that the navigable waters of the river can be reached in front of the relators' premises and thus an approach to their docks had.   The relators have not applied for a grant in front of their premises to the harbor line and claim that the expense of constructing docks out to the harbor line would be greater than their business could endure.   The Commissioners of the Land Office, after hearing all the evidence and considering these claims, in their discretion, have made the grant to Barnheisel under the authority given by section 75 of the Public Lands Law.

The grant is made in harmony with the legal rights of the parties. There was no dispute that Barnheisel was the lawful owner of the uplands in front of which the grant was made.   When the case was finally submitted there was no claim that the relators had any title or easement in the waters in front of the Barnheisel property.   There was no question requiring judicial determination.

The Commissioners of the Land Office are the agents of the State, designated by statute, to convey lands under navigable waters and the statute itself contains the only limitation upon their powers.   Whether or not the grant should be made to Barnheisel was, upon the record, a matter within the discretion of the Commissioners of the Land Office; and their determination, since they had the right to act and made the grant to the party entitled thereto under the statute, is not reviewable in this court. (*People ex rel. Underhill* v. *Saxton,* 15 App. Div. 263; affd., on opinions below, 154 N. Y. 748.)   It is only where a question arises which requires judicial determination by the Commissioners that their decision is a proper subject for review by certiorari.   (*People ex rel. Kent* v. *Board of Fire Comrs.,* 100 N. Y. 82; *People ex rel. Tracy* v. *Woodruff,* 54 App. Div. 1; *People ex rel. Second Ave. R. R. Co.* v. *Board of Comrs., etc., of N. Y.,* 97 N. Y. 37.)

The determination should be confirmed, and the writ dismissed, with costs.

Determination unanimously confirmed and writ dismissed, with fifty dollars costs and disbursements.