Another, Appellants.— Judgment and order unanimously affirmed, with one bill of costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

FRANK BEDELL, Respondent, v. JAMES J. DWYER, Appellant.— Judgment and order of the County Court of Orange county unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

LUCY BROWER BRUNDAGE, Appellant, v. BYRON ERNEST BRUNDAGE, Respondent.— Judgment modified by reversing the fifth finding of fact, and this court in lieu thereof makes a finding that the plaintiff did not, at the time complained of, abandon the defendant, and as so modified the judgment is affirmed, without costs. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

C. A. KELLOGG PRINTING PRESS Co., INC., Appellant, v. NELSON E. FUNK, Respondent.— Orders affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

RODOLFO A. CORREA, Respondent, v. HENRY G. YOUNG, Appellant.— Judgment and order unanimously affirmed, with costs. The undisputed evidence establishes that there was no merger of the commission agreement in the contract of sale. The very language of the commission agreement shows that the contract of sale was theretofore made, even though on the same day. This is without dispute. Nor does the sealed instrument rule affect plaintiff's claim. The contract of sale under seal is not the subject of litigation. That contract was undeniably carried out and completed. Plaintiff's claim is based upon a collateral and wholly independent agreement to pay him a specific sum, and a recovery by him on such agreement is not affected by the identity of the real purchaser, in the absence of a claim of fraud, which is not here advanced. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

JULIAN P. FAIRCHILD and Others, as Permanent Receivers of ATLANTIC DOCK COMPANY, Appellants, v. UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Respondent.— Judgment affirmed, with costs. No opinion. Kelly, P. J., Kelby and Young, JJ., concur; Kapper, J., dissents on authority of *Matter of McClellan* (146 App. Div. 594; affd., on opinion below, 204 N. Y. 677), with whom Jaycox, J., concurs.

ISIDOR FRIEDMAN, Appellant, v. ELSIE FRIEDMAN, Respondent.— Judgment and order reversed upon the law, and a new trial granted, for error in the refusal to permit the question at folio 388 to be answered by the defendant. Had the defendant answered this question in the affirmative, further inquiry by plaintiff's counsel would have been proper as to the contents of the letter. Had she answered in the negative, plaintiff might have introduced evidence that the letter was in defendant's handwriting. We think the error too material in this case to be disregarded. Kelly, P. J., Rich, Jayxox, Manning and Kapper, JJ., concur.

VITO GRAZIANO, Respondent, v. McGRATH CONTRACTING COMPANY, INC., Appellant, Impleaded with Another, Defendant.— Judgment and order reversed upon the law and the facts, and a new trial granted, costs to abide the event. At the conclusion of the court's charge, appellant's attorney requested that the jury be charged that if they found that the appellant had supplied and had close to the scene of the work plenty of good rope, and the foreman selected or handed out a poor piece of rope, which was the cause of the accident, this defendant, appellant,