FRANK CRISAFULLI et al., Claimants, *v.* STATE OF NEW YORK,
Defendant. (Claim No. 29100.)

Court of Claims, November 17, 1950.

*Alexander Grasso* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Marvin P. Lazarus* of counsel), for defendant.

GORMAN, J.  This is an action for the alleged appropriation of land by the State, arising out of the reconstruction of State Street on the Albany-Schenectady highway.

The claimants' property was acquired in 1945.  It consists of parts of lots 3, 4 and 5 of a tract development map of Iroquois Park filed February 6, 1918, in the Schenectady County Clerk's office.  The dimensions of the particular parcel were 85 feet frontage on the south side of the highway by 110 feet deep. The disputed area is a strip off the north end of the lot which measures five feet eleven inches in depth at the easterly end and is six feet two inches deep at the westerly end.

The question presented is whether the northern or southern boundary of this strip of land is the true southerly limit of the highway.  It is conceded that the north boundary of the disputed strip is identical with that portion of the north boundary of the development map.  The genesis of the dispute necessarily involves the State's claim that the development map is factually incorrect and encroaches at least the above distances, into the highway right of way.  Since 1928, a row of shrubbery has been maintained about fifteen inches south of claimants' alleged north line.  This hedge has been removed by the State; the highway has been raised and resurfaced; new concrete curbing and sidewalk has been constructed and seven maple trees adjacent to the hedgerow have been appropriated.

The location of the hedge as indicative of the location of the boundary line is of questionable probative value in this case.

Evidence of this type is valuable in boundary disputes between individual owners where collateral circumstances seem to underwrite its trustworthiness. It appears, however, that claimants' survey is not only in harmony with such boundary and with the tract map, but was based, also, upon actual monuments in the field. The lot deed conforms to the lot monuments as located by claimants' engineer. The usual and ordinary rule in such case is that, when the description of lands in the conveyance refers to any artificial monument as the boundary, such monument is controlling. In the application of that rule, it has been held that where a highway is mentioned as a boundary of land, it means the highway as it exists and is open, and not the highway as it may be laid out on a map. (*Blackman* v. *Riley,* 138 N. Y. 318.) The rule that fixed monuments, whether natural or artificial, should usually be given preponderating weight, is obviously reasonable. (*Case* v. *Dexter,* 106 N. Y. 548.) Grants are supposed to be made with reference to an actual view of the premises. (*Masten* v. *Olcott,* 101 N. Y. 152.)

The development map of Iroquois Park made in 1906, and filed in 1918, is an ancient document and as such, proves itself. (*Fairchild* v. *Union Ferry Co.,* 121 Misc. 513, affd. 212 App. Div. 823, affd. 240 N. Y. 666; *Beisheim* v. *People,* 39 N. Y. S. 2d 333.) It is presumptive evidence of its contents. (Civ. Prac. Act, § 389-a.) In the absence of any official map or survey in contravention thereof, the court must rely to a large extent upon the location of the northerly boundary as laid down by the tract map and its practical application.

The only refutation, attempted by the State, was the introduction of the prior deeds and a protraction thereof by its title attorney. In plotting the protraction it appears that no satisfactory survey was made by the State engineer and no monuments on Albany Street or elsewhere, with one exception, were utilized. Only the descriptions in the conveyances were used and then transposed upon the development map. Other than failure of the final protracted call to close upon the highway line and certain conclusions of the title attorney, there is no probative evidence in the case to justify the court in concluding that the State has any interest in the strip in question, either by conveyance or past use. We should construe the language of the instruments and the effect of this protraction which attempts to transfer the property for public use in lieu of condemnation proceedings, strongly and strictly in favor of the landowner. (*Bradley* v. *Crane,* 201 N. Y. 14, 25.)

There is no construction that could be given the language of the conveyances that would carry the State's title south so as to include the strip or any part of it. There is no official survey or map of the laying out of the highway right of way before the court, which would give any official data to go by. We are not informed whether the road has obtained its character as a public highway by user, dedication or statute. No legislative or other history has been called to our attention and even its width and the width used for traffic is uncertain under the proof. If the road or way was established by prescription or by express or implied dedication, the public use defines the extent of the easement. There is no probative evidence sufficient to establish the southern boundary of the State's right of way as it actually existed upon the ground. We conclude that the factual question of what was intended to be conveyed to claimants was in accordance with the physical monuments and the tract map and that the claimants own the land.

It has been stipulated by the claimants and the Attorney-General that " In the event the Court should find any liability on the part of the State in the above entitled action, such liability shall be in the amount of $1400." Although such stipulation may not confer jurisdiction, the case has been tried and submitted on the theory of a private claim for the wrongful appropriation of land and under the broad jurisdiction of the court where the quantum of land is the point of issue, we construe and determine ownership of the disputed land as necessarily involved. (*People ex rel. Palmer* v. *Travis,* 223 N. Y. 150, 159.)

Let judgment be entered for the claimants in the amount of $1,400.