MARLENE SCHUSS, Respondent-Appellant, v FRANK PALMISANO et al., Appellants-Respondents. [857 NYS2d 709]—

In an action, inter alia, for a judgment declaring that the defendants were in violation of § 241-30 of the Waterways Act of the Town Code of the Town of Oyster Bay by mooring their boat on the south side of their pier, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated August 17, 2005, as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action declaring that they were in violation of that section and denied that branch of their cross motion which was for summary judgment on that cause of action, and the plaintiff cross-appeals from so much of the same order as denied those branches of her motion which were for injunctive relief on the first cause of action, summary judgment on the second and third causes of action, and as, in effect, granted those branches of the defendants' cross motion which were for summary judgment dismissing the second and third causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on the first cause of action declaring the

defendants to be in violation of § 241-30 of the Waterways Act of the Town Code of the Town of Oyster Bay by mooring their boat on the south side of their pier is denied, and that branch of the defendants' cross motion which was for summary judgment declaring that the defendants are not in violation of § 241-30 of the Waterways Act of the Town Code of the Town of Oyster Bay by mooring their boat on the south side of their pier is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff and the defendants own adjacent upland parcels bounded on the east by the Carmen River, a navigable waterway. The plaintiff's property is located to the south of the defendants' property. The defendants own a pier that extends 67 feet into the river. The defendants employ mooring whips on their pier which the plaintiff alleges extend four feet across the air space above the surface water the plaintiff considers to be within her riparian rights.

The plaintiff commenced the instant action, inter alia, for a judgment declaring the defendants to be in violation of § 241-30 of the Waterways Act of the Town Code of the Town of Oyster Bay (hereinafter the Town Code), and to enjoin them from mooring their boat on the south side of their pier and from so employing the mooring whips. The plaintiff moved for summary judgment on her causes of action which alleged violation of the Town Code and trespass of her property and riparian rights. The defendants cross-moved for summary judgment.

The Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment on the first cause of action declaring that the defendants are not in violation of the Town Code and denied that branch of the plaintiff's motion which was for summary judgment seeking the opposite declaration. The relevant section prohibits boats from mooring "closer than three feet to any property line" (Town Code § 241-30 [A]). The deeds submitted by the parties indicate that their respective property lines run along the western edge of the river. "When lands are described in a deed as bounded by a navigable river where the tide ebbs and flows, the title ends at high-water mark" (*Sage v Mayor of City of N.Y.*, 154 NY 61, 69 [1897]). The determination that the defendants were in violation of the Town Code was based on the erroneous premise that the parties' property lines extended into the river. In opposition to the defendants' prima facie establishment of their entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court correctly granted those branches of the defendants' cross motion which were for summary judgment dismissing the second and third causes of action alleging trespass upon the plaintiff's property and riparian rights. As noted above, the plaintiff's property ended at the high-water mark of the river. Riparian rights are the rights of a land owner, with property adjacent to navigable waters, to access the water for navigation, fishing and other such uses (*see Town of Oyster Bay v Commander Oil Corp.,* 96 NY2d 566, 571 [2001]). The right is for reasonable access and includes making access a practical reality by building a pier, or "wharfing out" (*id.* at 571, 575). Although the plaintiff correctly contends that the defendants have no riparian rights to the water fronting her property (*see Muraca v Meyerowitz,* 11 Misc 3d 1061[A], 2006 NY Slip Op 60329[U], *3 [2006]; *Huguenot Yacht Club v Lion,* 43 Misc 2d 141, 148 [1964]), the defendants made a prima facie showing of entitlement to judgment as a matter of law by submitting a building permit, which the plaintiff acknowledged was granted, allowing the plaintiff to install a mooring pole at the northern edge of the area she considers within her riparian ownership, and, in opposition, the plaintiff failed to make any showing that either the defendants' boat or their mooring whips have deprived her of reasonable access to the water. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.