■ JULIE SCHAFLER DALE, Appellant, v ANDY CHISHOLM et al., Respondents. [889 NYS2d 58]—

In an action, inter alia, to recover damages for trespass, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 24, 2008, as denied those branches of her motion which were for summary judgment on the complaint and dismissing the defendants' counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendants' counterclaim are granted.

Since 1989 the plaintiff has owned a parcel of real property located in the Town of Kent which includes a body of water referred to as Lower Lake Nimham (hereinafter the lake). In December 2000 the defendants purchased a parcel of real property located adjacent to the plaintiff's property. The defendants also have a deeded privilege to use the lake for bathing, boating, fishing, ice skating, and other outdoor sports, subject to the restriction that no power boats may be used on the lake.

In September 2007 the plaintiff commenced this action, inter alia, to recover damages for the defendants' alleged trespass upon her property by the installation of a dock on the lake

shore. In the defendants' answer, they asserted a counterclaim, alleging, among other things, that there was no deed restriction on the installation of a dock. The plaintiff moved, inter alia, for summary judgment on the complaint and dismissing the defendants' counterclaim. The Supreme Court, among other things, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendants' counterclaim, finding that triable issues of fact existed as to whether or not the lake was a navigable body of water. We reverse the order insofar as appealed from.

Here, the plaintiff made a prima facie showing that she owned the lake and that it was a nonnavigable body of water (*see* Navigation Law § 2 [4], [5]; *Morgan v King,* 35 NY 454 [1866]). The plaintiff also demonstrated, as a matter of law, that since the lake is nonnavigable, the defendants are not riparian owners and, as such, have no right to install a dock (*see generally Town of Oyster Bay v Commander Oil Corp.,* 96 NY2d 566, 571 [2001]; *Schuss v Palmisano,* 51 AD3d 766, 768 [2008]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). While the defendants asserted that the lake could be used for recreational canoeing and kayaking, recreational use alone is insufficient to establish that a body of water is navigable in fact, as there must be some evidence that it has the capacity for transport, whether for trade or travel (*see Adirondack League Club v Sierra Club,* 92 NY2d 591, 603 [1998]; *Mohawk Val. Ski Club v Town of Duanesburg,* 304 AD2d 881, 882-884 [2003]; *Hanigan v State of New York,* 213 AD2d 80, 84 [1995]). The defendants failed to proffer any evidence in this regard. Accordingly, the Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendants' counterclaim.

The defendants' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Eng, Belen and Hall, JJ., concur.