*706 In an action, inter alia, for a judgment declaring that the plaintiffs may legally tie boats to the northerly side of a dock built along the extension of their northerly property line into Sterling Creek, without interference from, or financial obligation to, the defendant, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated May 18, 2009, as denied that branch of her cross motion which was for summary judgment on the fourth counterclaim in her amended answer, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summaiy judgment on the first cause of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant’s cross motion which was for summary judgment on the fourth counterclaim in her amended answer seeking a declaration, in effect, that the plaintiffs are interfering with her riparian rights and to enjoin them from placing any objects in Sterling Creek in front of her property is granted, the order is affirmed insofar as cross-appealed from, upon searching the record, summary judgment is awarded to the defendant dismissing the first cause of action, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the remaining cause of action and counterclaims, and the entry thereafter of an appropriate declaratory judgment in accordance herewith.
The plaintiffs are owners of a commercial marina and the defendant is currently the life tenant of a residence on property formerly owned by her that shares a common boundary with the marina. The two properties both front upon navigable tidal waters known as Sterling Creek (hereinafter the Creek). The plaintiffs have a dock, which lies entirely in front of their property in the Creek along the extension of the plaintiffs’ northerly property line, and the defendant’s southerly property line. The plaintiffs routinely keep a boat of a paying customer tied to the northerly side of their dock beyond the high-water mark in front of the property occupied by the defendant. The plaintiffs concede that the boat encroaches 15 feet into the defendant’s 40-foot frontage on the Creek.
In their first cause of action, the plaintiffs seek a judgment declaring that they may “legally tie boats to the northerly side of their dock” without interference from, or financial obligation to, the defendant. In her fourth counterclaim, the defendant *707 seeks a contrary declaration and injunctive relief preventing the plaintiffs from tying boats to the northerly side of their dock. The plaintiffs moved, inter alia, for summary judgment on their first cause of action, and the defendant cross-moved, among other things, for summary judgment on her fourth counterclaim.
The owner of uplands on a tidal, navigable waterway possesses riparian rights, consisting of the right to “reasonable . . . access to the water for navigation, fishing, and such other uses” (Tiffany v Town of Oyster Bay, 234 NY 15, 21 [1922]; see City of New York v Gowanus Indus. Park, Inc., 65 AD3d 1071, 1073 [2009]). Riparian rights include “the right to make [such] access a practical reality” by building a pier, dock, or wharf (Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 571 [2001]; see Sehuss v Palmisano, 51 AD3d 766, 768 [2008]; Bravo v Terstiege, 196 AD2d 473, 475 [1993]; Town of Hempstead v Oceanside Yacht Harbor, 38 AD2d 263, 264 [1972], affd 32 NY2d 859 [1973]). The riparian rights of an uplands owner are limited, however, to the waters in front of that owner’s property and do not extend to the frontage of the adjoining parcel (see Sehuss v Palmisano, 51 AD3d at 768; People ex rel. Gratwick v Commissioners of Land Off., 202 App Div 240, 242 [1922]; Huguenot Yacht Club v Lion, 43 Misc 2d 141 [1964]). Moreover, an uplands owner does not acquire the right to use or access the water fronting a neighboring parcel simply because it may have been the first to build a dock along the lateral extension of the parties’ shared property line into the water (see Muraea v Meyerowitz, 11 Misc 3d 1061[A], 2006 NY Slip Op 50329DJ] [2006]; Huguenot Yacht Club v Lion, 43 Misc 2d at 141; Fairchild v Union Ferry Co., 121 Misc 513, 516 [1923], affd 212 App Div 823 [1925], affd 240 NY 666 [1925]).
Applying these principles here, the plaintiffs failed to establish their legal right to continue to use the northerly side of their dock by mooring a boat in front of the property occupied by the defendant (see Sehuss v Palmisano, 51 AD3d at 768; People ex rel. Gratwick v Commissioners of Land Off, 202 App Div at 242; Muraea v Meyerowitz, 11 Misc 3d 1061[A], 2006 NY Slip Op 50329DJ] [2006]; Huguenot Yacht Club v Lion, 43 Misc 2d at 141). Accordingly, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on their first cause of action, and we need not consider the sufficiency of the defendant’s papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Further, upon searching the record, we award summary judgment to the defendant in connection with the plaintiffs’ first cause of action, declaring that the plaintiffs do not have a right to continue to *708 use the northerly side of their dock by mooring a boat in front of the property occupied by the defendant (see CPLR 3212 [b]).
In light of our determination that the defendant is entitled to summary judgment in connection with the plaintiffs’ first cause of action, on the cross motion the defendant was entitled to judgment as a matter of law on her fourth counterclaim, inter alia, declaring, in effect, that the plaintiffs are interfering with her riparian rights by submitting evidence that the plaintiffs’ boat obstructs 50% of her frontage on the Creek, interfering with her ability to utilize a significant portion of her foreshore for any purpose. In opposition, the plaintiffs conceded that the boat projected 15 feet into the defendant’s frontage of 40 feet, and the plaintiffs failed to submit evidence showing that this significant encroachment of more than one third of the foreshore did not interfere with the defendant’s riparian rights (see Muraca v Meyerowitz, 11 Misc 3d 1061[A], 2006 NY Slip Op 50329[U] [2006]; Huguenot Yacht Club v Lion, 43 Misc 2d at 141; Fairchild v Union Ferry Co., 121 Misc 513, 516 [1923]; cf. Schuss v Palmisano, 51 AD3d at 768). Accordingly, the Supreme Court should have granted that branch of the defendant’s cross motion which was for summary judgment on her fourth counterclaim.
The Supreme Court properly declined to consider the plaintiffs’ contention that the defendant’s first, second, and third counterclaims should be dismissed, since the plaintiffs raised that contention for the first time in their reply papers before the Supreme Court (see Djoganopoulos v Polkes, 67 AD3d 726, 727 [2009]; Crummell v Avis Rent A Car Sys., Inc., 62 AD3d 825, 826 [2009]).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for further proceedings on the plaintiffs’ remaining cause of action and the counterclaims, and thereafter for the entry of a judgment, inter alia, declaring that the plaintiffs are interfering with the defendant’s riparian rights and that the plaintiffs do not have a right to continue to use the northerly side of their dock by mooring a boat in front of the property occupied by the defendant (see Lanza v Wagner, 11 NY2d 317, 329 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.